UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>   Plaintiff,<br><br>   v.<br><br>KEVIN VANDE WEYE et al.,<br><br>   Defendants. | CASE NO. C13-5560 BHS-JRC<br><br>REPORT AND RECOMMENDATION TO DISMISS AN ACTION PRIOR TO SERVICE<br><br>NOTED FOR:<br>AUGUST 16, 2013 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court recommends dismissal of this action as malicious. The Court recommends dismissal prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (g).

Plaintiff has filed three actions in the last ten months challenging the fact that prison officials are taking fifty cents a month from his prison account for cable television. The actions are 12-5882BHS/JRC; 13-5346RBJ/JRC; and this action.

In the first action, 12-5882BHS, the Court has recommended granting the defendants qualified immunity from damages, but the Court has also recommended that the case proceed on plaintiff's request for injunctive relief (ECF No. 21). That Report and Recommendation is pending before the district court. Thus, the first action is still an active case and the issue of taking money from plaintiff's trust account is still before the Court.

In the second action, 13-5346RBJ, the Court recommended denial of in forma pauperis status because the action was duplicative of the first action, 12-5882BHS/JRC (ECF No. 3). The Court's denial of in forma pauperis status saved petitioner $350 and also prevented petitioner from receiving a strike for filing a duplicative action.

The filing of this third action shows a disregard for the Court's prior rulings and is an attempt to duplicate the litigation of issues that are still pending in the first action. The plaintiff's filing of the third action is malicious and a waste of the Court's resources.

28 U.S.C. § 1915(a) gives the Court the authority to dismiss an action if the action is frivolous, malicious, or fails to state a claim.

The definition of "malicious," as used in this statute, is unclear, but some guidance exists. In *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the standard for maliciousness and stated:

> A separate standard for maliciousness is not as well established. *Deutsch,* 67 F.3d at 1085-87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

*Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995). Other courts have found that the term "malicious" means irresponsible or harassing litigation. :

> The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

*Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975).

Plaintiff's attempt to re-file a complaint involving the same issue three times after being advised by the Court on two prior occasions that the case for damages is without merit constitutes malicious litigation.

The Court recommends dismissal of this action with the dismissal counting as a strike. This would be plaintiff's second strike. Plaintiff had an action dismissed for failure to state a claim earlier in 2012, 12-0190RAL.

Because plaintiff's issues are currently pending in another action, the Court recommends that this dismissal be without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 16, 2013, as noted in the caption.

Dated this 15th day of July, 2013.

_____
J. Richard Creatura
United States Magistrate Judge